**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**John Merritt James,**
**Petitioner Below, Petitioner**

**vs) No. 15-0415** (Kanawha County 14-AA-70)

**Richard Strader, Executive Director**
**of the West Virginia Real Estate Commission,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John Merritt James, pro se, appeals the February 19, 2015, order of the Circuit Court of Kanawha County denying his appeal of an order of Respondent West Virginia Real Estate Commission, entered June 11, 2014, that (1) revoked petitioner's broker's license; (2) fined petitioner in the amount of $10,000; and (3) assessed costs of the disciplinary proceeding against petitioner in the amount of $40,000. Respondent, by counsel Debra L. Hamilton, filed a summary response, and petitioner filed a reply. The parties also filed supplemental briefs pursuant to an amended scheduling order, entered November 12, 2015.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises out of a disciplinary proceeding against petitioner before respondent based on two real estate transactions that occurred in 2004 and 2005. Respondent originally revoked petitioner's broker's license by an order entered on February 4, 2010. Petitioner appealed the February 4, 2010, order to the Circuit Court of Raleigh County.[2] The Raleigh County circuit

---

[1]Respondent also filed a motion to be awarded the costs of preparing its supplemental appendix, to which petitioner filed a response. We address respondent's motion herein.

[2]"Any person adversely affected by any decision or final order made by the commission, after a hearing, is entitled to judicial review by the circuit court of the county where the hearing (continued . . .)

1

court found that the disciplinary proceeding was fatally flawed because respondent failed to document its probable cause finding against petitioner. The Raleigh County circuit court determined that a probable cause finding constituted a condition precedent to holding a contested hearing. *See* W.Va. Code §§ 30-40-20(e) and (f). Respondent did not appeal the Raleigh County circuit court's October 18, 2010, order.

On February 26, 2011, respondent issued, on its own motion, a new complaint against petitioner based on the 2004 and 2005 real estate transactions with a finding of probable cause. *See id.* § 30-4-20(a) (providing that respondent may initiate complaints on its own behalf). Petitioner returned to the Circuit Court of Raleigh County, and filed a petition for writ of prohibition to prohibit respondent from proceeding on the new compliant, No. C-11-022. By an order entered on June 2, 2011, the Raleigh County circuit court denied petitioner's petition, finding that respondent had statutory authority to issue the new complaint.

The 2004 and 2005 transactions that formed the basis for the complaint in No. C-11-022 were the Salyers transaction and the Wilshire Credit transaction. In the Salyers transaction, respondent alleged that petitioner improperly withheld $2,500 from the sales proceeds and paid it to a purported creditor of the seller without the seller's authorization to do so.[3] In the Wilshire Credit transaction, respondent alleged that petitioner used a straw purchaser to buy property from a recent former client without notifying that client, while also receiving a $2,000 commission from the client for locating a buyer.[4] Following a contested hearing on February 20 and 21, 2014, a hearing examiner issued a recommended decision on April 29, 2014, in which she found that respondent's allegations were substantiated and recommended to respondent that sanctions be imposed. In her recommended decision, the hearing examiner specifically found that petitioner, who had benefit of counsel and testified at the hearing, was not credible.

By a separate recommended decision, issued on April 25, 2014, the hearing examiner recommended denying a third motion filed by petitioner to dismiss the complaint in No. C-11-022, in which petitioner reiterated the same arguments rejected by the Raleigh County circuit court in its June 2, 2011. The hearing examiner concurred with that court's determination that respondent had statutory authority to issue the new complaint. Respondent adopted the hearing examiner's recommendation to deny the motion to dismiss by an order entered May 21, 2014.

By a separate order, entered June 11, 2014, respondent adopted (with minor modifications) the hearing examiner's April 29, 2014, recommended decision that found that the allegations of misconduct against petitioner were substantiated. Accordingly, respondent (1) revoked

---

was held." W.Va. Code § 30-40-21(f).

[3]West Virginia Code § 30-40-19(a)(8) provides that respondent may revoke a license for a failure to remit funds belonging to others.

[4]West Virginia Code § 30-40-19(a)(4) provides that respondent may revoke a license for false representations made through an agent.

petitioner's broker's license; (2) fined petitioner in the amount of $10,000;[5] and (2) assessed costs of the disciplinary proceeding against petitioner in the amount of $40,000.[6] Petitioner appealed to the Circuit Court of Kanawha County.[7] On February 19, 2015, the Kanawha County circuit court denied the appeal, ruling, *inter alia*, that (1) it concurred with the hearing examiner's and the Raleigh County circuit court's determinations that respondent had the authority to proceed in No. C-11-022; and (2) rejected petitioner's statute of limitations argument because (a) the argument was not presented to respondent; and (b) at the time that the complaint in No. C-11-022 was initiated, no limitations period existed as to the initiation of complaints before respondent.[8]

Petitioner now appeals the Kanawha County circuit court's February 19, 2015, order upholding respondent's revocation of his broker's license. Also pending is respondent's motion to be awarded the costs of its supplemental appendix.

### Respondent's motion to be awarded its costs is denied.

Respondent asserts that petitioner's appendix failed to comply with Rule 7 of the West Virginia Rules of Appellate Procedure. Rule 7(f) provides, in pertinent part, that "[t]he cost of the appendix is a taxable cost." In arguing that it should be awarded its costs, respondent asserts that its supplemental appendix was necessary to facilitate this Court's review of petitioner's appeal. However, by order entered on December 15, 2015, we, on our own motion, directed the Circuit Clerk of Kanawha County to send us the administrative record. Because of our determination that neither party's appendix was sufficient for a proper review of the case, we deny respondent's motion for petitioner to pay the cost of the supplemental appendix.

### February 19, 2015, order upholding respondent's revocation of petitioner's broker's license is affirmed.

Petitioner raises nineteen assignments of error, most of which we find do not have

---

[5]Pursuant to West Virginia Code of State Rules §174-4-8.1.b, available sanctions include administrative fines. *See* W.Va. Code § 30-40-19(a) (providing that in addition to license revocation or suspension, respondent may impose "any other sanction").

[6]"In addition to any other sanction imposed, the commission may require a licensee to pay the costs of the proceeding." W.Va. Code § 30-40-21(g).

[7]Petitioner filed his appeal of respondent's revocation of his broker's license in the Circuit Court of Fayette County, but that court transferred it to the Circuit Court of Kanawha County. *See* W.Va. Code § 30-40-21(f). (Petitioner's real estate practice was located in Fayette County.)

[8]West Virginia Code § 30-40-20(a) was not amended to include a statute of limitations on initiation of complaints before respondent until 2015. *See* 2015 W.Va. Acts c. 200.

sufficient merit to warrant discussion.[9] "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in [West Virginia] Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."[10] Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). With one exception, we limit our discussion to the issues on which we requested supplemental briefing: (1) whether the doctrines of res judicata and/or collateral estoppel apply to this case; and (2) whether the doctrine of laches applies to the case provided that it was adequately raised. The only other issue we address is petitioner's challenge to the hearing examiner's determination that respondent's allegations against him were substantiated.

First, petitioner contends that the hearing examiner and the Kanawha County circuit court gave undue weight to the Raleigh County circuit court's determination in the prohibition proceeding that respondent had statutory authority to issue a new complaint and proceed to a contested hearing in No. C-11-022. Respondent counters that regardless of whether the hearing examiner and the Kanawha County circuit court could treat the Raleigh County circuit court's determination as conclusive pursuant to the doctrines of res judicata and/or collateral estoppel,[11] the correct result was reached. We agree with respondent and find that it had statutory authority to issue the new complaint. While petitioner argues that a lack of probable cause finding was a jurisdictional defect, in *Hoover v. West Virginia Board of Medicine*, 216 W.Va. 23, 32, 602 S.E.2d 466, 475 (2004), we determined that the licensing board was allowed the opportunity to amend its complaint—and thereby cure a jurisdictional defect—and re-prosecute its case. We find that the instant case is analogous. Following the determination in petitioner's first appeal that a probable cause finding constituted a condition precedent to holding a contested hearing, respondent used its authority under West Virginia Code § 30-40-20(a) to issue a new complaint in its own name with the requisite finding. Therefore, we conclude that respondent properly proceeded to a contested hearing in No. C-11-022.

Next, petitioner contends that there was an unreasonable delay in respondent's prosecution of the complaint in No. C-11-022. Respondent counters that petitioner failed to raise the issue of unreasonable delay below, but, even if he did, he was responsible for any delay. "The elements of

---

[9]Petitioner alleges a myriad of procedural deficiencies which we find did not affect the fundamental fairness of the disciplinary proceeding.

[10]West Virginia Code § 29A-5-4(a) is part of the Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to 29A-7-4, which applies to this case. *See* W.Va. Code § 30-40-21(a).

[11]Because the Raleigh County court made its determination that respondent had statutory authority to issue a new complaint in a prohibition proceeding filed by petitioner, the Raleigh County court acted without jurisdiction. *See* Syl. Pt. 4, *State ex rel. W.Va. Real Estate Appraiser Licensing and Certification Bd. v. Chiles*, 234 W.Va. 125, 763 S.E.2d 663 (2014) (holding that licensing board for real estate appraisers could be sued only in the Circuit Court of Kanawha County pursuant to West Virginia Code § 14-2-2(a)(1)).

laches consist of (1) unreasonable delay and (2) prejudice." *State ex rel. Webb v. W.Va. Bd. of Medicine*, 203 W.Va. 234, 237, 506 S.E.2d 830, 833 (1998) (Internal quotations and citations omitted.) Respondent notes that petitioner first filed the prohibition proceeding in the Raleigh County circuit court which rejected his argument that respondent did not have statutory authority to proceed in No. C-11-022. Then, petitioner filed numerous motions to dismiss the proceeding in No. C-11-022 and made that same argument despite repeated rulings by respondent that it had the authority to proceed. In addition, as pointed out by the Kanawha County circuit court in its order affirming the revocation of petitioner's license, petitioner successfully moved respondent to disqualify its original hearing examiner which required respondent to appoint another hearing examiner to preside in the case. Thus, we find that petitioner caused any delay in the proceeding. Also, in Syllabus Point 2 of *Webb*, we held that in cases where a licensing board is endeavoring to protect the public by bringing disciplinary charges, the doctrine of laches "should be applied narrowly and conservatively and in such a fashion as to not unfairly impair the [b]oard's duty[.]" 203 W.Va. at 235, 506 S.E.2d at 831. Therefore, we conclude that, if petitioner raised the doctrine of laches, the doctrine did not bar respondent from proceeding in this case.

Finally, to the extent that petitioner disputes the hearing examiner's factual determinations, respondent argues that the hearing examiner is owed deference. *See* Syl. Pt. 1, *Muscatell*, 196 W.Va. at 590, 474 S.E.2d at 520. Furthermore, the hearing examiner determined that petitioner, who had benefit of counsel and testified at the hearing, was not credible. "[A hearing examiner's] credibility determinations are binding unless patently without basis in the record." *Martin v. Randolph County Bd. of Educ.*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995); *see also State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Nothing in the record suggests that the hearing examiner's findings were clearly wrong or that her credibility determination was patently without a basis. Therefore, we defer to the hearing examiner's determination that respondent's allegations against petitioner were substantiated. We conclude that the Kanawha County court did not err in affirming respondent's revocation of petitioner's broker's license and imposition of additional sanctions.

For the foregoing reasons, we affirm the February 19, 2015, order of the Circuit Court of Kanawha County upholding respondent's June 11, 2014, order that (1) revoked petitioner's broker's license; (2) fined petitioner in the amount of $10,000; and (3) assessed costs of the disciplinary proceeding against petitioner in the amount of $40,000.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II